UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS GUADAGNO, | No. |
| Plaintiff, | |
| -against- | COMPLAINT |
| ELLIS SEAFOOD EXPRESS, LTD., | Plaintiff Demands a Trial by Jury |
| Defendant. | |

Plaintiff LOUIS GUADAGNO ("Mr. Guadagno" or "Plaintiff"), by and through his attorneys Levine & Blit, PLLC, complaining of defendant ELLIS SEAFOOD EXPRESS, LTD. ("Defendant"), hereby alleges:

## NATURE OF THE ACTION

1. This civil action is brought to remedy unpaid overtime wages in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"); unpaid overtime wages in violation of the New York Labor Law ("Labor Law"); and violations of the Wage Theft Prevention Act ("WTPA") Labor Law §§ 195(1) and 195(3).

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendant's unlawful conduct, including unpaid overtime wages; an award of liquidated damages under the FLSA and Labor Law; statutory damages pursuant to the WTPA; prejudgment interest; Plaintiff's reasonable attorney's fees; costs of this action; and any such other and further relief this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant's principal office is located in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. Mr. Guadagno is an adult natural person who is a citizen of the State of New York.

6. Defendant is a domestic business corporation, duly organized and existing in the State of New York, with its principal place of business located at 98 Ellis Street, Staten Island, New York 10307.

7. At all times relevant to this action, Defendant was an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and, thus, an entity covered by the FLSA.

8. Defendant has (a) employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

9. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of applicable federal and state statutes and regulations.

10. At all times relevant to this action, Defendant was an "employer" of Plaintiff within the meaning of applicable federal and state statutes and regulations.

## FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendant as a delivery driver from about September 2012 through about March 15, 2020, but for about an eight (8) month period in or around 2014.

12. Plaintiff's duties as a delivery driver were to deliver Defendant's products to purchasers in the State of New York.

13. Plaintiff typically worked for Defendant from about 5 A.M. until about 5 P.M. to 7 P.M., five (5) to six (6) days per week.

14. At all times relevant to this action, Plaintiff's work vehicle provided by Defendant weighed 10,000 pounds or less.

15. Defendant did not maintain contemporaneous time records for the hours worked by Plaintiff.

16. Defendant did not provide Plaintiff with a means of recording his hours worked.

17. Defendant did not pay Plaintiff on an hourly basis; rather, at all times relevant to this action, Defendant paid Plaintiff on per day rate or per week rate.

18. Defendant did not compensate Plaintiff for the overtime hours that he worked.

19. Defendant did not provide Plaintiff with wage statements with each pay period containing the information required by Labor Law § 195(3), such as Plaintiff's hours worked, overtime rate of pay, and overtime hours worked.

20. Upon hiring and each time Plaintiff's rate of pay changed, Defendant failed to provide Plaintiff with the written notice required by Labor Law § 195(1), such as Plaintiff's overtime rate of pay.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (Unpaid Overtime Wages in Violation of the FLSA)

21. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 20, as if fully set forth herein.

22. Defendant was the employer of Plaintiff within the meaning of the FLSA.

23. Plaintiff was a non-exempt employee of Defendant pursuant to the FLSA.

24. Plaintiff worked in excess of forty (40) hours per week for Defendant, as described above, but was denied overtime wages.

25. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff. As such, Defendant's noncompliance with the FLSA was willful.

26. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of lost overtime wages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT
### (Unpaid Overtime in Violation of the Labor Law)

27. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 25, as if fully set forth herein.

28. Defendant was the employer of Plaintiff within the meaning of the Labor Law.

29. Plaintiff was a non-exempt employee of Defendant pursuant to the Labor Law.

30. Plaintiff worked in excess of forty (40) hours per week for Defendant, as described above, but was denied overtime wages.

31. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff. As such, Defendant's noncompliance with the Labor Law was willful.

32. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of lost overtime wages in an amount to

be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the Labor Law.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT
(Violation of the Labor Law 195(1))

33. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 32, as if fully set forth herein.

34. Defendant did not furnish Plaintiff with a written notice upon hiring or change in compensation that complies with statutory requirements under Labor Law § 195(1).

35. Due to Defendant's violation of Labor Law § 195(1), Plaintiff is entitled to recover statutory damages from Defendant in the amount not to exceed $5,000.00, plus attorney's fees and costs of this action.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANT
(Violations of the Labor Law 195(3))

36. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 35, as if fully set forth herein.

37. Defendant did not furnish Plaintiff with each payment of wages a statement that complies with statutory requirements under Labor Law § 195(3), nor has Plaintiff received any wage statements in compliance with Labor Law § 195(3).

38. Due to Defendant's violation of Labor Law § 195(3), Plaintiff is entitled to recover statutory damages from Defendant in the amount not to exceed $5,000.00, plus attorney's fees and costs of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

a) An Order declaring Defendant have violated the provisions of the FLSA and Labor Law relating to payment of overtime wages and the WTPA;

b) An Order enjoining Defendant from engaging in the unlawful activities alleged above;

c) An Order awarding monetary damages for Plaintiff's economic losses including unpaid overtime wages;

d) An Order awarding liquidated damages to Plaintiff under both the FLSA and the Labor Law in an amount equal to the total amount of unpaid overtime wages;

e) An Order awarding statutory damages to Plaintiff pursuant to the WTPA;

f) An award of prejudgment interest on the unpaid overtime owed to Plaintiff pursuant to the Labor Law;

g) An award of Plaintiff's reasonable attorneys' fees pursuant to the FLSA and the Labor Law;

h) An award of the Plaintiff's costs of this action; and

i) Any such other and further relief this Court deems just and equitable.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: July 21, 2020
New York, New York

LEVINE & BLIT, PLLC

Justin S. Clark (JC7795)
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020
New York, NY 10118
(212) 967-3000
jclark@levineblit.com

6